IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHEILA DUVALL                                                                            PLAINTIFF

vs.                            Civil No. 6:12-cv-06063

CAROLYN COLVIN                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sheila Duvall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on July 22, 2009.  (Tr. 22, 123-127).  Plaintiff alleged she was disabled due to tendinitis in right foot, low potassium, sciatic nerve, eye problems, and fibromyalgia.  (Tr. 149, 179).  Plaintiff alleged an onset date of June 30, 2008, which was later amended to June 1, 2009.  (Tr. 24,149).  These applications were denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

again upon reconsideration. (Tr. 74-80, 83-89). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 90-91).

Plaintiff's administrative hearing was held on July 22, 2010. (Tr. 43-69). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), had a high school education and obtained a CNA degree. (Tr. 48).

On November 23, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 22-31). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2013. (Tr. 24, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2009. (Tr. 24, Finding 2).

The ALJ determined Plaintiff had the severe impairment of tendonitis in right foot, sciatica, fibromyalgia, headaches, osteoarthritis, glaucoma, and exophthalmos. (Tr. 24, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 25, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 25-30). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. (Tr. 25, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 30, Finding 6). The ALJ

found Plaintiff unable to perform her PRW as a certified nursing assistant *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 30-31, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 202.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 31).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision.  (Tr. 31, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 17).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision. (Tr. 1-3, 7-9). On May 8, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 3, 2012.  ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 10, 11.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pgs. 9-18. Specifically, Plaintiff claims the ALJ erred (1) in evaluating her subjective complaints, (2) by failing to find Plaintiff's impairments met or equaled a Listing, (3) in evaluating her RFC, and (4) in failing to give proper treatment to the treating physician opinion. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ's RFC determination is not supported by substantial evidence, this Court will only address this issue.

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform the full range of light work. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

In the present case, Plaintiff filed additional medical evidence with the Appeals Council, which was reviewed and considered prior to the issuance of the Appeals Council's determination. (Tr. 1-3). When "a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council must consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Id*

5

When it is clear the Appeals Council has considered newly submitted evidence, this Court does not evaluate the Appeals Council's decision to deny review. Instead, a decision is made on whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992), and *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992). This means there is a need to speculate to some extent on how the ALJ would have weighed the newly submitted medical reports if those reports had been available for the original hearing. *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

The Plaintiff alleged disability in part due to severe eye problems. (Tr. 179). Additional evidence submitted to the Appeals Council indicates treatment for eye problems. (Tr. 318). Dr. Kathanne Hurst indicated in her April 16, 2012 correspondence that Plaintiff underwent surgery to resolve severe complications of glaucoma damage. *Id.* Dr. Hurst also indicated Plaintiff was disabled due to being completely visually impaired in one eye. *Id.* These records were submitted to the Appeals Council following the ALJ's November 23, 2010 decision. (Tr. 4).

This Court is aware that the Eighth Circuit has held that a medical source's opinion that a claimant is "disabled" or "unable to work" involves an issue reserved to the Commissioner and is not the type of medical opinion to which the Commissioner gives controlling weight. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). However, given Plaintiff's medical history and the aforementioned evidence submitted to the Appeals Council, this matter should be remanded to the ALJ for further consideration. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination

6

concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). Given the fact that the extent of Plaintiff's eye problems was not known or considered by the ALJ, or any of the doctors completing the RFC assessments in this case, it cannot be said that the ALJ's RFC assessment is supported by substantial evidence. An "ALJ must not substitute his opinions for those of the physician." *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

Accordingly, remand is necessary to allow the ALJ to obtain a more recent assessment of Plaintiff's ability to function in the work place.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of May, 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE